**John M. Coletti**, OSB No. 942740
E-mail:  john@paulsoncoletti.com
**PAULSON COLETTI TRIAL ATTORNEYS PC**
1022 NW Marshall Street, Suite 450
Portland OR  97209
Phone: (503) 226-6361
Facsimile: (503) 226-6276

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **F.Y., T.Y., Y.N., and K.N.,**<br><br>          Plaintiffs,<br>     v.<br><br>**OREGON DEPARTMENT OF CORRECTIONS**; **OREGON DEPARTMENT OF FORESTRY**; **OREGON BOARD OF FORESTRY; COLETTE S. PETERS;** and **PETER DAUGHERTY,**<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>42 U.S.C. § 1983<br><br>Negligence<br><br>Loss of Consortium<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

### INTRODUCTION

1. On or about April 14, 2021, Jedaiah Lunn, a 6' 3" tall man, weighing 260 lbs with

14 felony convictions, was under the supervision and control of the Oregon Department of Corrections (hereafter referred to as "ODOC") and Oregon Department of Forestry (hereafter referred to as ODOF) at the South Fork Forest Prison Camp, and was part of a prison work crew at the Gales Creek Campground in Tillamook, Oregon.  While unsupervised, Lunn walked away from the work crew and brutally attacked and beat two women who were visiting the campground, F.Y. and Y.N., and then stole their car unnoticed.  Lunn was taken into custody later that night near Sauvie Island, Oregon, approximately one hour from the campground where the attacks occurred. Lunn has been charged with two counts of first-degree attempted murder, 2 counts of first-degree assault, six counts of first-degree robbery and one count of first-degree escape.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  These claims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

3.      This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).  Plaintiffs' state law claims are so related to their federal claims that they form part of the same case or controversy.

4.      Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (3).  The events giving rise to this Complaint occurred in this District and defendants' conduct occurred within this District.

5.      This complaint is properly filed in the Portland Division.  A substantial part of the acts or omissions giving rise to plaintiffs' claims occurred in this Division.

6.      The plaintiffs served timely written notice of their claims upon defendants.

PAULSON COLETTI TRIAL ATTORNEYS PC
1022 NW MARSHALL ST, STE 450
PORTLAND, OR 97209
(503) 226-6361/ (503) 226-6276

## PARTIES

7. Plaintiffs F.Y. and T.Y. are a married couple residing in the state of Oregon. Plaintiffs Y.N. and K.N. are also a married couple living in the state of Oregon.

8. Defendant Oregon Department of Corrections (ODOC) is an agency of the State of Oregon.

9. Defendant Oregon Department of Forestry (ODOF) is an agency of the State of Oregon.

10. Defendant Oregon Board of Forestry is an Oregon state board that manages and supervises the Oregon Department of Forestry (ODOF) in addition to its employees and agents, including Defendant Peter Daugherty, Director for the ODOF.

11. Defendant Colette S. Peters is the Director for Oregon Department of Corrections (ODOC) and at all times mentioned was working in the course and scope of her employment for ODOC and was also acting as the actual and/or apparent agent of the ODOC.

12. Defendant Peter Daugherty is the Director for the Oregon Department of Forestry (ODOF) and at all times mentioned was working in the course and scope of his employment for ODOF and was also acting as the actual and/or apparent agent of the ODOF.

13. Additional individual defendants will be named at a later date once discovery has been performed.

## FACTUAL ALLEGATIONS

14. On or about April 14, 2021, Jedaiah Lunn, an inmate under the supervision of the ODOC and ODOF while incarcerated at the South Fork Forest Prison Camp, walked away from a prison work crew while unsupervised and brutally attacked F.Y. and Y.N., causing severe and

permanent personal injuries.

15. The ODOC and ODOF, by and through the supervision and direction of the defendants Oregon Board of Forestry, Daugherty and Peters owned and operated the South Fork Forest Camp, a minimum security prison located in Tillamook, Oregon.

16. At all times mentioned, Jedaiah Lunn was approximately 6'3" tall and weighed 260 pounds and was a 14-time convicted felon who transferred to the South Fork Forest Camp in October 2020 following his three year sentence for Second Degree Robbery with a gun, a Measure 11 crime.

17. At the time of his conviction for Second Degree Robbery, Lunn admitted to using methamphetamines on a daily basis. All of Lunn's criminal history and drug use were known to the defendants.

18. On or about April 14, 2021, F.Y. and Y.N. visited the Gales Creek Campground, which is owned, operated, and/or managed by the State of Oregon and Defendant ODOF, for a nature hike.

19. Prior to being attacked, neither F.Y. or Y.N. were warned that a prison work crew was working in the area, nor were they warned regarding the lack of supervision of the prisoners by the defendants.

20. On the same day, Lunn was assigned to a prison work crew in the Gales Creek Campground and was allowed to work in forested areas where he was not visually supervised.

21. At all relevant times, the official policies of defendants ODOC and ODOF at the South Fork Forest Camp allowed inmates to work unsupervised in a five acre area with only occasional checks being performed.

22. That day, Lunn was left unsupervised for multiple hours and defendants ODOC and ODOF had to be notified by other police agencies of Lunn's escape.

23. At all times mentioned, the defendants, and each of them, knew or should have known of the risks presented by Lunn if left unsupervised, particularly in a remote area and publicly accessible campground where the public was known to recreate, often on family vacations.

24. At no time prior to their attack, were F.Y. or Y.N. warned of the existence or location of the prison work crew, nor were they warned about the lack of supervision of the inmates.

25. As the result of Lunn's attack, F.Y. and Y.N. sustained severe injuries including, but not limited to, multiple orthopedic fractures, lacerations, contusions, abrasions, traumatic brain injury as well as post-traumatic stress disorder.

26. As the result of their wives' injuries, T.Y and K.N have suffered losses of consortium.

27. Because of his actions, Lunn has been charged with 11 felony criminal counts, including two counts of attempted first-degree murder, two counts of first-degree assault, six counts of first-degree robbery and one count of first-degree escape.

### FIRST CLAIM FOR RELIEF
### On Behalf of F.Y. and Y.N.
### (42 U.S.C. § 1983)

28. Plaintiffs reallege paragraphs 1 through 27 as though fully set forth herein.

29. Defendants, and their employees and agents (actual or apparent), are state actors acting under color of law.

30.     The defendants and each of their conduct constituted an unjustified intrusion on the personal safety of F.Y. and Y.N in violation of their substantive due process rights under the Fourteenth Amendment to the United States Constitution.

31.     The defendants affirmatively placed F.Y. and Y.N. in a position of danger in which they would not otherwise have faced were it not for the defendants' conduct and lack of conduct.

32.     The danger to which the defendants affirmative conduct exposed F.Y. and Y.N., including the brutal attack by Lunn, an inmate in defendants' custody, was actual and particularized.

33.     The risk of harm to F.Y. and Y.N. was substantial, posing a serious risk of injury, and foreseeable.

34.     Despite knowledge of the serious risks, the defendants made a conscious choice to disregard the substantial risk of serious harm.

35.     The defendants acted with deliberate indifference to a known or obvious danger in subjecting F.Y. and Y.N. to such danger.

36.     The defendants acted pursuant to an expressly adopted official policy and/or a longstanding practice or custom of defendants ODOC and ODOF.

37.     Defendants ODOC and ODOF's official policies, longstanding practices and/or customs deprived the rights of F.Y. and Y.N. and/or were so closely related to the deprivation of their rights as to be the moving force that caused the ultimate injury.

38.     Defendants Peters, Daugherty and Oregon Board of Forestry had final policymaking authority from defendants ODOC and ODOF concerning the above unlawful acts.

39.     When defendants Peters, Daugherty and Oregon Board of Forestry engaged in these

acts, they were acting as final policymakers for defendants ODOC and ODOF.

40. The acts of the defendants Peters, Daugherty and Oregon Board of Forestry caused the deprivation of the rights of F.Y. and Y.N. and/or are so closely related to the deprivation of their rights as to be the moving force that caused the ultimate injury.

41. The training policies of defendants ODOC and ODOF were not adequate to train its employees and agents to handle the usual and recurring situations with which they must deal.

42. Defendants ODOC and ODOF were deliberately indifferent to the obvious consequences of the failure to train employees and agents adequately.

43. The failure of defendants ODOC and ODOF to provide adequate training caused the deprivation of the rights of F.Y. and Y.N. and/or are so closely related to the deprivation of their rights as to be the moving force that caused the ultimate injury.

44. Defendants' conduct was a substantial factor in causing injuries to F.Y. and Y.N.

45. F.Y. and Y.N. are entitled to compensatory damages in an amount to be determined at trial.

46. As a result of the defendants' actions and conduct both before and after the injuries of F.Y. and Y.N., the plaintiffs are entitled to an award of punitive damages against the individual (non-state) defendants in an amount to be determined by a jury at trial.

47. Pursuant to 42 U.S.C. § 1988(b), F.Y. and Y.N. are entitled to their reasonable attorney fees, costs, and disbursements in prosecuting this claim.

**SECOND CLAIM FOR RELIEF**
**On behalf of F.Y. and Y.N.**
**(Negligence)**

48. F.Y. and Y.N. reallege paragraphs 1 through 47 above as though fully set forth

herein.

49. At all times mentioned, the Defendants, and each of them, were negligent and failed to exercise reasonable care to protect F.Y. and Y.N. from harm in the following respects:

    a. In allowing Lunn to serve on a prison work crew despite his extensive criminal and drug history;

    b. In allowing Lunn to work unsupervised in a forested park area known to be frequented by the public, including families;

    c. In failing to properly supervise and monitor the actions and whereabouts of Lunn so as to protect the public;

    d. In allowing Lunn to attack F.Y. and Y.N.;

    e. In failing to adequately protect the public, including F.Y. and Y.N. from attacks by prison inmates, including Lunn; and

    f. In failing to warn F.Y. and Y.N. that the prison work crew, including Lunn, were working in the area with limited, if any, supervision.

50. Defendants' conduct unreasonably created a foreseeable risk of harm to F.Y. and Y.N.

51. Defendants' conduct was unreasonable in light of that risk.

52. Defendants' conduct was a substantial factor in causing injuries to F.Y. and Y.N.

53. F.Y. and Y.N. are entitled to compensatory damages in an amount to be determined by a jury at trial.

54. As a result of the defendants' actions and conduct both before and after the injuries of F.Y. and Y.N., the plaintiffs are entitled to an award of punitive damages against the individual

PAULSON COLETTI TRIAL ATTORNEYS PC
1022 NW MARSHALL ST, STE 450
PORTLAND, OR 97209
(503) 226-6361/ (503) 226-6276

(non-state) defendants in an amount to be determined by a jury at trial.

### THRD CLAIM FOR RELIEF
### On behalf of F.Y. and Y.N.
### (Loss of Consortium)

55. F.Y. and Y.N. reallege paragraphs 1 through 54 above as though fully set forth herein.

56. At all times mentioned, F.Y. and T.Y. were and continue to be lawfully married.

57. At all times mentioned, Y.N. and K.N. were and continue to be lawfully married.

58. As a direct, foreseeable and proximate result of F.Y.'s injuries set forth above, T.Y. has suffered her loss of society, companionship, consortium, services, and support.

59. As a direct, foreseeable and proximate result of Y.N's injuries set forth above, K.N. has suffered her loss of society, companionship, consortium, services, and support.

60. The defendants' negligence and actions as alleged above were a substantial factor in causing damage to T.Y. and K.N.

61. T.Y. and K.N. are entitled to compensatory damages in a reasonable amount to be determined by a jury at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court provide trial by jury and a judgment providing the following relief:

1. On Plaintiffs' First and Second Claims for Relief, awarding F.Y. and Y.N. compensatory damages in a reasonable amount to be determined by a jury at trial, but not expected to exceed $40,000,000.

/ / /

2. On Plaintiffs' First and Second Claims for Relief, awarding F.Y. and Y.N. punitive damages in a reasonable amount to be determined by a jury at trial;

3. On Plaintiffs' First Claim for Relief, awarding F.Y. and Y.N. their reasonable attorney's fees, costs and disbursements;

4. On Plaintiffs' Third Claim for Relief, awarding T.Y. and K.N. damages in a reasonable amount to be determined by a jury at trial but not expected to exceed 2,000,000;

5. On All Claims for Relief, awarding plaintiffs pre-judgment interest on all damages at the highest rate allowed by law; and

6. On All Claims for Relief, granting such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs demand trial by jury in this action on all issues triable by a jury.

DATED this 13th day of July, 2021.

PAULSON COLETTI TRIAL ATTORNEYS PC

By: /s/ *John M. Coletti*
    John M. Coletti, OSB No. 942740
    Of Attorneys for Plaintiffs